UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID WAYNE WILSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>CALIFORNIA SUBSTANCE ABUSE<br>TREATMENT FACILITY, et al.,<br><br>        Defendants. | 1:19-cv-00970-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT PLAINTIFF'S<br>MOTION TO PROCEED IN FORMA<br>PAUPERIS BE DENIED UNDER 28 U.S.C. §<br>1915(g) AND THAT PLAINTIFF BE<br>REQUIRED TO PAY THE $400.00 FILING<br>FEE IN FULL WITHIN THIRTY DAYS<br>(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I.    BACKGROUND

David Wayne Wilson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2019, Plaintiff filed the Complaint commencing this action and a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Plaintiff's motion to proceed *in forma pauperis* is now before the court.

## II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

## III.   ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

1)    Wilson v. Tilton, Civil Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal. September 12, 2006 Order of dismissal for failure to state a claim) (strike one);

2)    Wilson v. Schwartz, Civil Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal. Oct. 31, 2006 Order of dismissal for failure to state a claim) (strike two);

3)    Wilson v. Dovey, Civil Case No. 2:06-cv-01032-FCD-EFB (E.D. Cal. Mar. 8, 2007 Order of dismissal for failure to state a claim) (strike three); and

4)    Wilson v. Veal, Civil Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal. June 4, 2007 Order of dismissal as frivolous and for failure to state a claim) (strike four).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Cervantes, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has carefully reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the

time of filing." <u>Cervantes</u>, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g) ). Plaintiff sets forth a long litany of alleged adverse conditions of confinement, including discrimination, overcrowding, sensory deprivation from dorm lights on all night, loud noise levels, mold in the building and toilet area, 7 bunks in an area for 3, and no confidentiality in the chapel. Plaintiff alleges inhumane toxic health hazard conditions, parasites in showers floors/drains from overcrowded dorms, sewage and recycled water causing water contamination, black mold and coccidiodial (Valley Fever) in soil, and Mycotoxins spores creating epidemiological risk factors to cause Plaintiff and other disabled inmates in walkers, wheelchairs, African American Blacks over 60 years old non-stop urinating and defecating clothes 4-7 times nightly, poor air circulation, and 80 to 90 degree temperatures.

These claims fail to plausibly meet § 1915(g)'s exception for imminent danger. <u>See</u> <u>Cervantes</u>, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); <u>Prophet v. Clark</u>, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Here, Plaintiff claims that he is in "imminent danger [of] *future* harm," (ECF No. 1 at 8:1) (emphasis added), but does not contend that he faced a real, present threat of serious physical injury at the time he filed his Complaint.

Therefore, Plaintiff may not proceed *in forma pauperis* in this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied, and Plaintiff should be required to pay the $400.00 filing fee in full before proceeding with this case.

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion to proceed *in forma pauperis* in this case be DENIED under 28 U.S.C. § 1915(g);

2.      Plaintiff be required to submit the $400.00 filing fee for this case in full within thirty days from the date of service of this order; and

4

3.      This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2019**                     **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE