UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, et al.,<br><br>Defendants. | 1:19-cv-00970-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER, FAILURE TO PAY THE FILING FEE, AND FAILURE TO PROSECUTE**<br>**(ECF No. 14.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

David Wayne Wilson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On September 25, 2019, the court issued an order denying Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), and requiring Plaintiff to pay the $400.00 filing fee for this action in full within thirty days. (ECF No. 14.) The thirty-day time period has now expired and Plaintiff has not paid the filing fee, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to prosecute or failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives;

1

and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (failure to comply with court orders). see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 31, 2019. Plaintiff's failure to respond to the court's order may reflect Plaintiff's disinterest in prosecuting this case or his inability to pay the filing fee. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not or cannot resolve payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee for this action that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the court's order of September 25, 2019 by failing to pay the filing fee and failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2019**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE