| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DAVID WAYNE WILSON, | No. 1:19-cv-00970-DAD-GSA (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CASE WITHOUT PREJUDICE |
| CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, et al., | |
| Defendants. | (Doc. No. 15) |

Plaintiff David Wayne Wilson is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed for plaintiff's failure to comply with a court order, failure to pay the filing fee, and failure to prosecute. (Doc. No. 15.) The findings and recommendation were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. (*Id.*) On December 26, 2019, plaintiff filed objections to the findings and recommendations. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,

including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Under 28 U.S.C. § 1915(g)'s so–called "three strikes" provision, prisoners may be barred from proceeding *in forma pauperis* ("IFP") if they, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" In his objections, plaintiff reiterates his belief that he is in imminent danger of serious physical injury due to the high temperatures inside of the prison in which he is currently incarcerated and thus qualifies for the exception under 28 U.S.C. § 1915(g). (Doc. No. 16.) In support of this argument, plaintiff restates the allegations of his complaint and those advanced in his previous objections. (*Compare* Doc. Nos. 16, *with* 1, *and* 13.) The court has already considered plaintiff's arguments in this regard when it considered his initial IFP application and concluded that he did not qualify to proceed IFP. (*See* Doc. No. 14.) Plaintiff also now alleges further, more recent medical issues, (*see* Doc. No. 16 at 4–5), but "the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053–55 (9th Cir. 2007). For these reasons, the undersigned concludes that plaintiff's objections are unavailing.

Accordingly:

1. The findings and recommendations (Doc. No. 15) issued on December 5, 2019, are adopted in full;
2. This case is dismissed without prejudice due to plaintiff's failure to comply with a court order, failure to pay the filing fee, and failure to prosecute;
3. All other pending motions (Doc. No. 4) are denied as moot; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**February 19, 2020**__

UNITED STATES DISTRICT JUDGE

2